96

■■■■■■■■■
■■■■■■■■■■

that included "total forfeiture of pay and allowances" after the convening authority specifically disapproved that punishment. Accordingly, it is ordered that said petition is granted on the following specified issue:

> WHETHER THE UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS ERRED BY PURPORTING TO AFFIRM "TOTAL FORFEITURE OF PAY AND ALLOWANCES" WHERE THE CONVENING AUTHORITY SPECIFICALLY DISAPPROVED SUCH PUNISHMENT. *SEE* ARTICLE 66(c), UCMJ.

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is affirmed as to findings and only so much of the sentence as provides for a dishonorable discharge, confinement for 70 months, and a reduction to pay grade E–3. [See also ORDERS GRANTING PETITION FOR REVIEW this date.]

■■■■■■■■■

No. 11–0293/CG. U.S. v. Kenya Bernard. CCA 0262. Review granted on the following issue:

> WHETHER AN ARTICLE 134 CLAUSE 1 OR 2 SPECIFICATION THAT FAILS TO EXPRESSLY ALLEGE EITHER POTENTIAL TERMINAL ELEMENT STATES AN OFFENSE UNDER THE SUPREME COURT'S HOLDINGS IN *UNITED STATES v. RESENDIZ–PONCE* AND *RUSSELL v. UNITED STATES*, AND THIS COURT'S RECENT OPINIONS IN *MEDINA, MILLER*, AND *JONES*.

No briefs will be filed under Rule 25.

No. 11–0393/NA. U.S. v. Daniel W. Bartolo. CCA 201000212. [See also APPEALS—SUMMARY DISPOSITIONS this date.]

